**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MICHAEL ANTHONY MILLER,**

        **Petitioner,**

    v.                                  CASE NO. 11-3094-SAC

**STATE OF CALIFORNIA,**

        **Respondent.**

### O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the California State Prison in Corcoran, California. Having considered the materials filed, the court finds as follows.

Petitioner has filed a Motion to Proceed in forma pauperis. However, his motion is incomplete. 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The clerk shall be directed to provide forms for filing a proper motion under § 1915(a), and petitioner will be given time to submit a proper motion with financial information in support. This action may not proceed until he has submitted a motion that conforms to the requirements of Section 1915(a).

Petitioner's allegations are clearly challenges to his state conviction in the State of California. While a federal district

court has jurisdiction to hear the habeas corpus claims of a state prisoner under § 2254, this court has no jurisdiction over petitioner's custodian, and Mr. Miller's allegations evince no connection whatsoever to this judicial district.[1] A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. See 28 U.S.C. § 2241(d); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 497 (1973). The District of Kansas is neither in Mr. Miller's case. Petitioner was sentenced and convicted in California state court and is presently confined at a state facility in California. It follows that the District of Kansas is not the proper venue for Mr. Miller's § 2254 claims.

The court takes judicial notice of the court records in Miller v. State of California, Case No. CV 09-4387 R (JC)(CD Cal. July 9, 2009)(Report and Recommendation). That action involved a § 2254 petition filed by Mr. Miller in 2009, which was transferred to the appropriate federal judicial district, the Central District of California. The referenced Order set forth the procedural history of petitioner's criminal conviction including his conviction and sentence on July 25, 2001. The Order also described five petitions for writ of habeas corpus that had been filed by Mr. Miller seeking to challenge his California conviction. Miller's fourth petition was denied on the merits and dismissed with prejudice in 2007. The Ninth Circuit Court of Appeals denied petitioner's request for a certificate of appealability on September 26, 2008. Id. at 4. The

---

[1] This court also lacks jurisdiction over civil rights claims against defendants who are residents of California.

District Court then treated the fifth and "Current Federal Petition" as a "successive" application, for which Mr. Miller had not obtained authorization from the Ninth Circuit to file. The court thus found that it lacked jurisdiction to consider his fifth § 2254 application. The action was dismissed without prejudice, but also referred to the Ninth Circuit. The Ninth Circuit then denied authorization to file a second or successive § 2254 petition.

While this court has the authority to transfer an action filed in the wrong venue to any district in which it could have been brought, it finds that dismissal of this action is appropriate instead. Petitioner's § 2254 petition is patently successive, and he does not show that he has obtained the requisite authorization from the appropriate Circuit Court of Appeals. Accordingly, the court finds that justice would not be served by a transfer of this action.

This is the third action improperly filed by Mr. Miller in this district, and the others were denied for the same reasons stated herein.

Petitioner's Motion for this court to order the Office of Vital Statistics to provide his birth certification for production in this case is denied as without factual or legal basis. Petitioner's application for this document, which he attached to his motion, should have been sent by him to the appropriate state office.

**IT IS THEREFORE ORDERED** that petitioner is granted 15 days to provide the financial information to support his motion to proceed in forma pauperis and to show cause why this action should not be dismissed, without prejudice, for improper venue and lack of jurisdiction.

3

**IT IS FURTHER ORDERED** that petitioner's Motion to Order Office of Vital Statistics to Produce (Doc. 3) is denied, and any application for a certificate of appealability is denied.

**IT IS SO ORDERED.**

Dated this 14th day of June, 2011, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
